Haynes, J.
A petition in error is filed to reverse the judgment of the court of common pleas. The plaintiff in error, who was plaintiff in tho court of common pleas, seeks to enforce ■upon certain property situate in Washington township,Lucas county, 0., the amount of a judgment of some $250, which the plaintiff had recovered before that time against Martin Weaver, who was the husband of Persilvia Weaver.
It appears from the record that the judgment was obtained by Barbara Benhoff against Martin Weaver, for selling intoxicating liquors to her husband, causing his intoxication, &e.; that the sale was in violation of law; that that *371 judgment remained unpaid and unsatisfied. It further appears from the record that in that original suit, Persilvia .Ann Weaver had also been made a party defendant with Martin Weaver, but upon the trial of the cause the jury had found in favor of Persilvia and against Martin, and the judgment was in favor of Persilvia Weaver upon the issues joined and against Barbara Benhoff, while as between Barbara Benhoff and against Martin Weaver, the issues were found in her favor, and she recovered a judgment against Martin fur the sum named.
In this action it is set up and alleged that Barbara Ben'hoff was the owner of the premises upon which the building stood in which the liquors were sold for which the judgment had been obtained; and it is claimed that under and by virtue of Sec. 4364, Rev. St., the plaintiff had the right to subject that property to the payment of that judgment, although the property stood in the name and was in the name of Persilvia Weaver, and not in the name of Martin,
Sec. 4364 provides:
“If a person rent or lease to another, any building or. premises to be used or occupied, in whole or in part,for the sale of intoxicating liquors, or permit the same to be so used •or occupied, he shall be held liable for, and may be held to pay, all fines, costs, and damages assessed against any person occupying the same; proceedings may be had to subject the same to the payment of any such fine and costs assessed -or judgment recovered, or any part thereof which remain •unpaid, either before or after execution issues against the property of the person against whom such fine and costs or .judgment have been adjudged or assessed, &c. ’’
Upon the evidence in the ease, there is no evidence of ¡any lease of the premises from Persilvia Weaver to Martin Weaver. The clause under which it is sought to hold Persilvia Weaver in favor of that judgment, and to subject "the property, is that she also permitted the.same to be used -or occupied for the sale of intoxicating liquors. The testi *372 mony shows generally, in substance, that the land upon which this building was situated was the property of Persilvia by inheritance; that she received it from ancestors; and that the building that was put upon it, or some portion of the building, was put on there with the money of Martin. There had been a little grocery store carried on there for some time. On the premises adjacent, or nearby, was the postoffice, and one or the other of these parties had charge of that postoffice. I suppose the husband waspostmastsr, and the wife bad charge of the postoffice, and. ran it. Martin, desiring to carry on the sale of liquors, made an addition to the building in which he eventually carried on the sale of liquors for the period of at least over a year, when he leased the premises. During this time-these events occurred for which this suit was brought and, in which judgment was obtained.
The wife, in her own behalf, denies that this sale of intoxicating liquors was ever carried on there by her permission or with her consent; on the contrary, she claims-that she protested against it from the very commencement, and repeatedly protested against it, and never consented to-it; but that her husband, listening to the persuasions of other parties, decided that he would commence to carry on, the sale of liquors, and did so. She says that from time to time certain women in the neighborhood protested that they ought not to carry on the business, and she says that, she had endeavored to have it stopped. It apperas in evidence that the plaintiff here, Mrs. Benhoff, called upon her,, and claimed that her husband was drinking at that place-, and drinking too much; that on a certain day she called there and said that her husband was then at- the grocery, drunk. Mrs, Weaver says that she went down there and found him about the premises. He was not so drunk but that he could walk about. She told him at that time to-leave, and keep away; that she didn’t want him about the- *373 premises. There is some little evid en c ( nding - to show that at some time Mrs. Weaver had been seen handing out a glass of liquor there herself, On this trial she said she did hand out a glass to Benhoff, but she explains that. She denies that she ever did sell intoxicating liquors there. She says her husband always told her to keep out of that place. It is in evidence that she was about the premises, and there can be no doubt but that she knew that intoxicating liquors were sold there.
The question is, whether she permitted that sale voluntarily or wilfully, so that her property would become subjected to the payment of this judgment. In 49 Ohio St., 447, Mullen v. Peck, this statute is discussed at considerable length, and the right of the plaintiff to maintain an action against those who permit the sale of intoxicating liquors is maintained by the supreme court, In that case the building had been leased originally by the owner to a certain party, and the owner died, and the property was left to the widow for life, and at her death, the remainder over to the children. Suit was brought to subject the property to the payment of a judgment that was obtained for the unlawful sale of liquor by the tenant to plaintiff's husband. The supreme court held in that case that the life estate might be held subjected to the judgment, but not the remainder over belonging to the children. It was shown that the lease had not been made by these parties, and the tenant had never taken any step to avoid the old lease.
But the court below held in this case at bar, that the wife had done all that she was required to do; or, in other words, that she had shown by her evidence conclusively that she had not permitted the sale of the liquor, and that she had by a preponderancee of the evidence sustained that proposition. It was urged, of course, that she ought to have done something more — should have resorted to proceedings in law to have compelled her husband to stop.
Beard & Beard, for Plaintiff in Error.
James FI. Pilliod, for Defendant in Error.
We have discussed this matter at some length, and have endeavored to take a just view of it as between the plaintiff and the defendant; and while we can see that a defense of that'kind may be the subject of collusion between, the husband and wife, yet we think each case must stand upon its own facts, and be decided upon its onw facts; and we think that we ought not to say, as a matter of law, that the wife is bound to have recourse to any legal remedies in order to prohibit the husband from making a sale of liquor under these circumstances. If she refused to assent to it, if she objected to it on all proper occasions, we think she has done all, as a wife she is required to do. To hold that she was bound to commence, for instance, an action of injunction against her husband, or an action to oust him from the possession of the premises, would simply be stirring up law suits between husband and wife, which is not the purpose or polity, at least, of the laws of the state of Ohio.
The court having found that there was no collusion between the parties, and that the wife was honest and sincere in her objections, and truthfully stated the facts when she said that she did object at all times to the sale of the liquor, it found that no permission was given by her. We think upon these facts we should affirm the judgment of the court of common pleas. That is to sa.y, under the rule governing a court of error in reviewing the facts of a case, we are not justified in holding that the court of common pleas erred in its finding of facts upon the evidence.
The judgment of the court of common pleas will therefore be affirmed